**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE AMEZCUA NAVA, | No. 18-16165 |
| Petitioner-Appellant, | D.C. No. 1:15-cv-01707-LJO-SKO |
| v. | |
| RALPH DIAZ, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 17, 2020**
San Francisco, California

Before: TASHIMA and HURWITZ, Circuit Judges, and MARSHALL,*** District Judge.

Jose Amezcua Nava was convicted in California State court of committing a

lewd and lascivious act upon a minor under the age of fourteen and was sentenced

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

to six years in prison. Although Nava was charged with only one count, the jury heard evidence that he molested the victim, his ten-year-old niece, multiple times in 2011. The trial judge also allowed Nava's sister, M.N., to testify that Nava molested her in 1969, although Nava was never charged for that incident. Nava testified in his defense and denied the allegations of abuse. After he was convicted, Nava filed an appeal and petition for writ of habeas corpus with the California Court of Appeal. The Court of Appeal affirmed the conviction and denied the habeas petition. The California Supreme Court summarily denied Nava's petition for review.

Nava filed this 28 U.S.C. § 2254 habeas corpus petition alleging that the admission of evidence of the 43-year-old uncharged act violated due process. The district court adopted the recommendation of a magistrate judge and denied the petition. We have jurisdiction of Nava's appeal under 28 U.S.C. §§ 1291, 2253(a). We affirm.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). A writ of habeas corpus cannot be granted unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation omitted). "The admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (citation omitted). "Under AEDPA, even clearly erroneous admissions of evidence that render a trial fundamentally unfair may not permit the grant of federal habeas corpus relief if not forbidden by 'clearly established Federal law.'" *Id.* (quoting 28 U.S.C. § 2254(d)).

The United States Supreme Court has never held that the admission of propensity evidence under circumstances like those in this case violates due process, which precludes a finding that this case involves an unreasonable application of clearly established federal law. *See id.* Moreover, the California Court of Appeal reasonably found that any error from the admission of the 43-year-old prior was harmless under *Chapman v. California*, 386 U.S. 18, 24 (1967), based on the evidence presented at trial of other uncharged acts committed by Nava against the victim.

**AFFIRMED.**

3